DENNIS B. SOSSAMON v. THE STATE OF ARKANSAS

5376

Opinion Delivered October 7, 1968
[Rehearing denied November 4, 1968.]

*David O. Partain* for appellant.

*Joe Purcell,* Atty. Gen. and *Don Langston,* Asst. Atty. Gen. for appellee.

LYLE BROWN, Justice. Appellant Dennis B. Sossamon entered a plea of guilty to murder and a jury fixed his punishment at life imprisonment after finding that he had committed first degree murder. There was no appeal. Some nine months after commitment, Sossamon filed a petition under our Rule I, seeking discharge from the commitment. That petition was denied. On appeal the prisoner argues (1) that he gave a confession without benefit of the warnings required by *Miranda,* (2) that he was denied a fair trial because of unfavorable publicity, and (3) that the trial court failed to make a record of the proceedings of the trial.

The details incident to the homicide are not pertinent to an understanding of the points raised. In fact, appellant admits he was given a ride, that he shot his benefactor, took a number of personal possessions and deceased's automobile, and left the body in a wooded area. Appellant gave that testimony at his Rule I hearing.

1. *The Confession.* Sossamon was located by Crawford County officers in Oklahoma City, where he was being held on another felony charge. The sheriff and an officer of the Arkansas State Police returned the accused to Arkansas via automobile. The trip was not a long one and was uneventful except for oral admissions made by the accused. Sergeant Oliver testified that he had in his possession a card containing the *Miranda* warnings; that he read the warnings to Sossamon, not once but twice; that he then explained them in detail and Sossamon appeared to understand them; and that Sossamon freely related the details of the crime. Sossamon testified that he had a ninth grade education and, on previous brushes with the law, had been informed

of his rights.    At the Rule I hearing, Sossamon did not attempt to repudiate the facts in the statement.

Upon arrival at the Crawford County jail, Sossamon was told to "rest up" and he would be interviewed again the following day.    The next morning the officers brought the defendant to an office where a typewriter was available and Sgt. Oliver reduced the oral statements to writing.    He testified that the contents of the written statement, which Sossamon signed, were substantially the same as the oral statements.

Appellant's counsel insist that the *Miranda* warnings should have been repeated prior to the taking of the written statement.    We cannot agree.    The lapse of time was overnight and we agree with Sgt. Oliver that the second interview was a continuation of the experience of the previous day.    In *Kaplan* v. *United States,* 375 F. 2d 895 (1967), the defendant was advised of his right prior to an interview with a federal agent on December 19.    A second interview occurred on December 20 and the warnings were not repeated.    The court there said: "A repetition of this warning on December 20, 1964, was not required under either the *Miranda* decision or the ruling of *Escobedo* v. *State of Illinois,* 378 U.S. 473 (1964)."    To the same effect is *People* v. *Sievers,* 62 Cal. Rptr. 841 (1967).    Although the time element is not the same, the principle of continued interrogation was present in *Heard* v. *State,* 244 Ark. 44, 424 S.W. 2d 179 (1968).

2.    *Unfavorable Publicity to the Crime.*    At the Rule I hearing it was testified that the local newspapers gave publicity to the crime.    It was also shown that a crime story magazine carried an account of the victim's disappearance and defendant's arrest.    No effort was made to establish the extent of circulation of the magazine in the county.    No testimony was offered except the bare statement that the publicity was read by Sossamon's relatives.    Notwithstanding diligent legal rep-

resentation and the trial court's standard inquiries of the jury relative to their knowledge of the facts, we find no evidence of the question of unfavorable publicity being developed prior to the Rule I hearing. In fact, the present record shows that the matter was not mentioned in the original trial.

3. *Failure to Report the Proceedings at the Original Trial.* In *Medley* v. *Stephens,* 242 Ark. 215, 412 S.W. 2d 823 (1967), we emphasized the importance of recording the proceedings in criminal cases of pleas of guilty. We reiterate that position because it eliminates so many possible pitfalls which were recounted in *Medley.* However, excepting the confession, the evidence presented in the trial of Sossamon is not here attacked. There is a complete absence of disagreement about the context of the brief trial. A plea of guilty was entered, a jury was empanelled, and the State put on the testimony of Sgt. Oliver to establish the information given him by Sossamon. Sheriff Wilbanks testified about finding the body. The court instructed the jury and the verdict was returned. The State had available a number of key witnesses but they were not called. We find no prejudice to the defendant which could possibly have resulted from the failure to record the proceedings.

We find no error with respect to the three points argued. Also, we have examined the other points raised in Sossamon's original petition and find no merit. We should point out that, contrary to his assertion, Sossamon was afforded able counsel. The State cooperated with his counsel in apprising them of the State's evidence. Established facts beyond the content of Sossamon's statements pointed clearly to his guilt. Those circumstances played an important part in the decision of Sossamon's counsel, after consulting with him and his parents, to recommend a plea of guilty.

Affirmed.