26531.   WATSON v. THE STATE.

ARGUED MAY 10, 1971—DECIDED JUNE 2, 1971.

*Edwin Maxwell Saginar,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Joel M. Feldman, Carter Goode, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Mathew Robins, Assistant Attorneys General,* for appellee.

FELTON, Justice. ■ Enumerated error 1 is as follows: "The court erred in admitting over objection the statement alleged to be the defendant's second statement, without a hearing *as to its voluntariness.* The court merely assumed the continuing applicability of State's Exhibit #1, which was a written waiver taken before any statement was taken from the defendant. By not conducting a special determination of the admissibility of the second statement the court decided a question which was raised by timely objection, without hearing evidence on that issue alone." (Emphasis supplied.)

"*Where the voluntariness of a confession is questioned* on the trial of a criminal case it is necessary under the decision in Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205), to have a separate hearing as to the voluntariness before it is finally presented to the jury for consideration as to its voluntariness." (Emphasis supplied.) *Strickland v. State,* 226 Ga. 750 (177 SE2d 238). In the absence of a proper objection, however, there is no requirement for such a hearing. See Evans v. United States, 377 F2d 535 (5th Cir., 1967); United States v. Taylor, 374 F2d 753 (7th Cir., 1967). The sole objection made to the introduction of the second statement was as follows: "I'll object. It was taken from eight or nine hours subsequent to the arrest. He was not apprised of any of his constitutional rights." This objection was on the ground of the alleged failure to apprise the defendant of his constitutional rights prior to taking his statement and did not reach the issue of its voluntariness. Hence, the first enumerated error attempts to raise for the first time a question which was not raised in the trial court and therefore presents nothing for decision. See *Turner v. Smith,* 226 Ga. 448 (2) (175 SE2d 653) and cit.; *House v. State,* 227 Ga. 257 (1) (181 SE2d 31) and cit.

Even if the objection made raised the issue of voluntariness, no harmful error is shown in the admission of the statement. The record shows that testimony as to the contents of such statement

had already been admitted in evidence during the trial without objection to its voluntariness or on any other grounds and that thereafter defendant's counsel had openly referred to the statement in his cross examination of the State's witness. By stipulation, both counsel waived a hearing as to the voluntariness of defendant's first statement, signed some seven hours earlier. There was no evidence that the second statement was given involuntarily; on the other hand, the State produced affirmative evidence that the defendant read the second statement, then freely and voluntarily signed it. The state courts of New York, out of which Jackson v. Denno, supra, arose, later recognized that the Jackson requirement for a hearing on the issue of voluntariness applies only "if the evidence presents a fair question as to its voluntariness," which it does not in the present case. See annotation, 1 ALR3d 1252.

Furthermore, even if the enumerated error be construed as an attempt to raise the issue made by the objection on the trial, it is without merit. It is not disputed that defendant was apprised of his constitutional rights prior to his making the first statement some seven hours prior to the making of the second in-custody statement. Although this is apparently a question of first impression in Georgia, the general rule in other jurisdictions, which we hold to be applicable in the present case, is to the effect that a further warning is not necessary under these circumstances of continued interrogation. See Maguire v. United States, 396 F2d 327 (10) (9th Cir., 1968); Miller v. United States, 396 F2d 492 (3) (8th Cir., 1968); United States v. Mansfield, 381 F2d 961 (1) (7th Cir., 1967); State v. Rowe, 468 P2d 1000 (7) (Wash., 1970); People v. Hill, 39 Ill. 2d 125 (13) (233 NE2d 367); People v. Hill, 58 Cal. Rptr. 340 (426 P2d 908); Sossamon v. State, 245 Ark. 306 (1) (432 SW2d 469).

Accordingly, the first enumerated error is without merit.

■ Enumerated error 2 is as follows: "The court erred in failing to charge on the weight to be given to the outcry made by the prosecutrix regarding the time when such statement was made and the circumstances surrounding such outcry, in addition to her opportunity to make such an outcry at an earlier time." Enumerated error 3 is as follows: "The court erred in failing to charge on

the weight, if any, given to State's exhibits 4, 5 and 6 namely: undershorts, a face cloth and sheets in light of the crime laboratory's not making a comparison between defendant's blood and semen and that of the specimens found on the said exhibits, in addition to the fact that it was admitted that the age of these specimens could not be determined."

It would have been reversible error for the trial judge in his charge to have classified the evidence as to its weight or consideration, or to have intimated any opinion thereon, since the question of whether or not given circumstances are entitled to any weight is purely a matter for the jury. *Code* § 81-1104; *Hunter v. State,* 43 Ga. 483; *Southwestern R. Co. v. Papot,* 67 Ga. 675 (8); *Moody v. State,* 114 Ga. 449, 450 (40 SE 242); *Benefield v. Benefield,* 224 Ga. 208 (1) (160 SE2d 895) and cit.; *McLarty v. Emhart Corp.,* 227 Ga. 104, 107 (179 SE2d 46). Enumerated errors 2 and 3 are without merit.

■ Enumerated error 4 is on the overruling of the motion for a new trial as amended and the only argument made in connection therewith is that the evidence of the alleged victim was not sufficiently corroborated.

The female testified that the defendant, a bonding company bounty hunter, armed with a pistol and displaying a warrant for her arrest for failing to appear in city court, took her in custody at her home around 2 a.m., drove her to his apartment, handcuffed her to the bed and raped her, then took her to his bonding company office and thence to the police station, where she made her outcry. This testimony was corroborated by other testimony and evidence. Her husband saw her being taken in custody by defendant, went to the bonding company office where he waited several hours for them to arrive, and observed her crying when they finally arrived there. No others were in the office except her husband and the armed defendant, which corroborated her testimony that she was afraid to make an outcry at that time. There was testimony that she reported the alleged rape immediately upon her arrival at the police station, where her appearance was described by several witnesses as crying, hair ruffled up, emotionally upset, with bleeding handcuff marks on her hands. She directed police officers to the defendant's apartment, the interior of

which she accurately described prior to their entering it. Her subsequent pap smear, as well as the defendant's wash cloth, bed sheets and undershorts, tested positive for blood and semen. Although the defendant denied having had intercourse with the alleged victim in his first in-custody statement, he later admitted it in his second statement, which admission he did not refute in his unsworn testimony. The verdict in this case was sufficiently authorized by the corroboration, the quantum of which is left entirely to the jury. *Jones v. State,* 213 Ga. 814 (1) (102 SE2d 21) and cit.; *Dobbs v. State,* 214 Ga. 206 (1) (104 SE2d 121) and cit. This enumerated error is without merit.

The trial court did not err in entering judgment on the verdict for any reason urged.

*Judgment affirmed. All the Justices concur.*