Commonwealth *v.* Ferguson, Appellant.

Argued April 27, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*John J. D'Angelo,* with him *John A. Papola,* for appellant.

*Edward G. Rendell,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE BARBIERI, October 12, 1971:

The only question for our consideration on this appeal is whether or not a statement given by appellant

to the police was improperly admitted at trial because of the failure of the police to give appellant the *Miranda*\* warnings during one of the phases of the interrogation process. We hold that, under the circumstances of this case, appellant's statement was properly admitted at trial.

Appellant, then sixteen years old, was arrested on May 30, 1969, at 7:50 A.M. by a Detective Alexander who, ten minutes later, gave appellant the *Miranda* warnings. Detective Alexander did not interrogate appellant at this time but rather left appellant and began working on other aspects of the case. Police Officer Kader, after giving appellant the *Miranda* warnings, began questioning him at about 12:30 P.M. of the same day. Officer Kader's questioning was interrupted at least twice to allow appellant to talk alone with his mother and then with his brother. At approximately 3:30 P.M. a Detective Snyder joined Officer Kader and further questioned appellant. At 4:15 P.M. Detective Snyder took a formal, written statement from appellant, which included a recitation of the *Miranda* warnings and appellant's acknowledgment that he understood the warnings and was still willing to make a statement. This statement was signed by appellant at 5:30 P.M. and later introduced, over objection, into evidence after a mid-trial suppression hearing. At trial, appellant was found guilty of first degree murder by a jury and sentenced to life imprisonment by the Court of Common Pleas of Philadelphia County.

Appellant's sole contention on appeal is that the trial judge should have ruled the formal statement inadmissible because of Detective Snyder's failure to give appellant any of the *Miranda* warnings before he began questioning him. Appellant urges us to adopt a prophylactic rule that, at least as to minors, the police

---

\* *Miranda v. Arizona*, 384 U.S. 436 (1966).

must rewarn the suspect of his constitutional rights each time interrogation is renewed. But not only has appellant offered no authority for this proposition, he has offered no reason why we should adopt a prophylactic rule rather than permit trial courts to make a factual determination on a case-by-case basis on the waiver issue. Even in those cases in other jurisdictions where a court has held a defendant's statement inadmissible because he had not been rewarned of his constitutional rights, see e.g., *Brown v. State,* 6 Md. App. 564, 252 A. 2d 272 (1969); *Franklin v. State,* 6 Md. App. 572, 252 A. 2d 487 (1969), the court has specifically refused to hold that every renewal of interrogation required a repetition of the *Miranda* warnings. In *Brown,* supra, for example, the Court said (at page 569) : "We quite agree with the cases which hold that the Miranda warnings need not be given nor the Miranda waiver expressed each time the officers question an accused. See particularly State v. Davis, [261 Iowa 1351,] 157 N.W. 2d 907 (1968); People v. Long, 263 Cal. App. 2d 540, 69 Cal. Rptr. 698 (1968); Sossamon v. State, 245 Ark. 306, 432 S.W. 2d 469 (1968); Miller v. United States, 396 F. 2d 492 (8th Cir. 1968)." See also *United States v. Osterburg,* 423 F. 2d 704 (9th Cir. 1970).

These jurisdictions have, instead of laying down a prophylactic rule, looked to the circumstances of the case to determine whether the defendant, having been once warned, voluntarily and intelligently waived his rights. The courts have looked to several objective indicia in determining whether the warnings have become stale or remote: how much time elapsed between the giving of the warnings and the complained-of interrogation; whether the complained-of interrogation was conducted at the same place as the warnings were given; whether the same officer who gave the warnings also

conducted the complained-of interrogation; and whether the information elicited during the complained-of interrogation was significantly different from other statements which had been preceded by warnings. In *Brown,* supra, the Court found the statement inadmissible because there was a lapse of sixteen hours between the warnings and the complained-of interrogation, a move of some fifty miles between the two interrogation sites, a change of interrogators, and a marked difference between the statement which had been preceded by warnings and the statement which had not. In *Franklin,* supra, a lapse of two days between the warnings and the complained-of interrogation was thought by the court to render the warnings impermissibly remote.

The circumstances in the case before us sharply contrast with those in *Brown* and *Franklin.* Here, appellant received the *Miranda* warnings twice before the complained-of interrogation, once about seven and a half hours and again about three hours before the interrogation; all of the relevant events took place in the same room; Officer Kader, who had given appellant *Miranda* warnings, remained in the room during the interrogation by Detective Snyder; and there was only slight change between the information elicited by Officer Kader and that elicited by Detective Snyder. Accordingly, on the record before us, we find no reversible error in the ruling of the trial court that the statement of appellant in question was both voluntary and intelligent despite the failure of Detective Snyder to repeat the *Miranda* warnings before beginning his interrogation.

Judgment affirmed.