## 27192. WATSON v. AULT.

UNDERCOFLER, Justice. James Watson filed an application for the writ of habeas corpus in the Superior Court of Butts County, Georgia, against Allen Ault, Warden of the Georgia Diagnostic and Classification Center.

The record shows that the applicant was convicted by a jury in Fulton Superior Court of the offense of rape and sentenced to life imprisonment. The judgment of the trial court was affirmed by this court on June 2, 1971. *Watson v. State,* 227 Ga. 698 (182 SE2d 446).

Prior to the disposition of the appeal pending in this court, the applicant filed a petition for the writ of habeas corpus in the Fulton Superior Court and alleged that his trial counsel was ineffective and incompetent; that the

trial court failed to rule on his motion to suppress prior to trial; that he was forced to trial with only eleven jurors; that the State failed to prove all the essential elements of the crime charged against him; that he was convicted on the unsupported testimony of the rape victim; that the trial court erred in admitting his confession in evidence; that certain errors were made in the instructions to the jury; that the district attorney made certain prejudicial remarks during argument and commented on the applicant's failure to call certain witnesses; that he was subjected to an illegal search and seizure; and that he is not guilty of the offense charged. At the hearing the attorney for the applicant testified as to the facts and circumstances of his representation of the applicant during the trial of his case. The Fulton Superior Court on May 26, 1971, denied the petition for habeas corpus and remanded the applicant to the custody of the Sheriff of Fulton County. The applicant appealed to this court from this habeas corpus judgment on October 8, 1971. *Watson v. Stynchcombe,* 228 Ga. 193 (184 SE2d 580).

On August 31, 1971, the applicant filed the instant petition for the writ of habeas corpus and alleged that he was convicted by a jury consisting of eleven jurors; that his court-appointed attorney demonstrated incompetence in the handling of his appeal; that his trial jurors were not sworn; that he was convicted of rape on the unsupported testimony of the victim; that the criminal trial court erred in reading applicant's past record to the jury; that the Fulton County habeas corpus court erred in failing to provide him with a transcript of the Fulton County habeas corpus proceedings and that he is innocent of the charges made.

The respondent moved to dismiss the Butts County habeas corpus petition on the basis that the Fulton County habeas corpus proceedings were res judicata. The trial court granted the motion to dismiss the habeas corpus petition. The appeal is from this judgment. *Held:*

The only contention of the appellant in this court is that he

had incompetent appeal counsel when his judgment of conviction was affirmed by this court. *Watson v. State,* 227 Ga. 698, supra.

The habeas corpus judge stated to the appellant: "These issues should have been raised when your other petition was filed. It was something that could have been raised and it does appear from my examination of these exhibits here that counsel did adequately represent you. Just because an attorney does not win a case for a defendant; by winning, I mean securing an absolute acquittal, does not mean he is not adequate. Sometimes there are cases you just can't win."

The findings of the trial court that the appellant was adequately represented by counsel is supported by the record. This contention of the appellant is without merit.

> *Judgment affirmed. All the Justices concur.*
> SUBMITTED MAY 8, 1972—DECIDED JUNE 15, 1972.

James Watson, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.