## 29885. WATSON v. HOPPER.

NICHOLS, Chief Justice.

In September, 1970, James Watson was convicted of rape and is presently serving a life sentence. On direct appeal such conviction was affirmed. See *Watson v. State,* 227 Ga. 698 (182 SE2d 446). Thereafter, the prisoner filed two unsuccessful petitions for writs of habeas corpus, *Watson v. Stynchcombe,* 228 Ga. 193 (184 SE2d 580) and *Watson v. Ault,* 229 Ga. 238 (190 SE2d 57). After the present habeas corpus petition was filed in July, 1974, the respondent warden was directed to reply within 30 days. On the call of the case, the prisoner called for a ruling on his motion for a default judgment and release from custody because the respondent's answer was filed five

days late.

The trial court judge announced he was going to overrule the motion for a default judgment and directed that an order be prepared "so he can go up with his appeal" and that he would not require the prisoner to proceed. The judgment later entered in the case overruled the motion for default judgment and further held that the prisoner had "abandoned his contentions as set forth in his petition" by not presenting evidence after the court had overruled his motion for a default judgment.

1. The trial court did not err in overruling the default judgment and refusing to release the prisoner. See *Bailey v. Baker,* 232 Ga. 84, 85 (205 SE2d 278).

2. In view of the colloquy which took place on the hearing, that part of the judgment holding that the prisoner had abandoned the contentions of his petition for writ of habeas corpus must be reversed and the case remanded for further proceedings on the remaining issues in the case.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED APRIL 24, 1975 — DECIDED MAY 13, 1975.

James Watson, *pro se.*
Arthur K. Bolton, *Attorney General,* for appellee.