## 34779. DENT v. THE STATE.

MARSHALL, Justice.

The appellant was convicted of murdering her son-in-law, Paul Edward Barrett. She received a sentence of life imprisonment. She appeals. We affirm.

The evidence showed that, on the day of the murder, the appellant was being visited by her daughter. The appellant looked through the window and saw her son-in-law approaching the house. The daughter met her husband in the front yard, gave him a key to their house, and he continued walking down the road to his sister's house. The appellant, who had gotten a gun, positioned herself at the fence adjacent to the road. She told the victim, "You been going around telling people what you're going to do to me so I'm going to do it to you first." The appellant then fired the gun at the victim, hitting him in the back. However, he continued walking as though he had not been hit, but he slumped over in a neighbor's yard. He died a few minutes later.

1. The evidence fully authorized the jury in rejecting the appellant's defenses of justification, self-defense, and provocation and finding the appellant guilty of murder.

2. The trial court did not err in allowing the introduction in evidence of an in-custody statement given by the appellant to police prior to being given her Miranda warnings. The police officer testified that the appellant voluntarily turned herself in at the police station and, as he began to advise her of her constitutional rights, she gave a statement to the effect that, "I shot him" or "That's all there is to it." This was a "volunteered statement," the admissibility of which is not affected by the holding in Miranda v. Arizona, 384 U. S. 436, 478 (86 SC 1602, 16 LE2d 694) (1966). The trial court did not err in failing to hold a Jackson-Denno hearing on the question of whether this in-custody statement was freely and voluntarily given, since no objection was made at trial to the introduction of this evidence. See Watson v. State, 227 Ga. 698 (182 SE2d 446) (1971); Wainwright v. Sykes, 433 U. S. 72 (97 SC 2497, 53 LE2d 594) (1977). Nor did the trial court err in failing to instruct the jury concerning the criteria to be used in determining the admissibility of this

statement, since no such request to charge was made. See *Batts v. State,* 238 Ga. 664 (235 SE2d 377) (1977).

3. The chain of custody concerning state's Exhibit 7 (the bullet taken from the body of the deceased) was sufficiently established to authorize the admission of this item of evidence. "Circumstances must establish a reasonable assurance of the identity of the sample, but need not exclude every possibility of tampering. [Cits.]" *Painter v. State,* 237 Ga. 30, 33 (226 SE2d 578) (1976).

4. The trial court did not abuse its discretion in admitting in evidence the photograph of the deceased.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 13, 1979 — DECIDED MAY 30, 1979 — REHEARING DENIED JUNE 27, 1979.

*Theron Finlayson,* for appellant.

*Stephen Pace, Jr., District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.

