## 60048. ROYALS v. THE STATE.

Banke, Judge.

Appellant was convicted of engaging in incest with his 15-year-old daughter. In addition to the victim's testimony, the state introduced evidence of an "agreement" signed by the appellant wherein he admitted that he had "involved himself in sexual acts" and "sexual misconduct" with the victim. The agreement was prepared by an attorney employed by the Clinch County Department of Family and Children Services in connection with a child custody petition prior to appellant's indictment and was signed in his office. Appellant enumerates as error the admission of this document into evidence without a hearing to determine voluntariness. Additionally, he complains that the document improperly was sent out with the jury. *Held:*

1. Pretermitting the question as to whether the agreement was signed knowingly and voluntarily, the transcript reveals that no objection was made to its admission in evidence. *"'Where the voluntariness of a confession is questioned . . .* it is necessary under the decision in Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205), to have a separate hearing as to the voluntariness before it is finally presented to the jury for consideration as to its voluntariness.' (Emphasis supplied.) [Cit.] In the absence of a proper objection, however, there is no requirement for such a hearing." *Watson v. State,* 227 Ga. 698, 699 (182 SE2d 446) (1971). In any event, there is no indication that the appellant was in custody when he made the statements or signed the agreement. See Oregon v. Mathiason, 429 U. S. 492, 97 SC 711, 50 LE2d 714 (1976). The enumeration is without merit.

2. The appellant may not complain that the statement, though properly admitted, was erroneously sent out with the jury. It was received without objection after appellant insisted that the document was the best evidence of its contents. Thus, the alleged error, if it were error, was induced. See *Edwards v. State,* 235 Ga. 603 (2) (221 SE2d 28) (1975). In addition, we note that the record does not reflect any objection to the document being sent out with the jury.

3. At the conclusion of the state's case, the trial court said, "They rest. Proceed with the defense." Completely unsupported by logic, reason, or authority, appellant contends that these words constitute an intimation by the trial court to the jurors that the state has carried its burden of proving a prima facie case. This enumeration lacks any merit.

4. Appellant next urges error in the court's failure to charge without request the law concerning confessions. The appellant

acknowledged in the agreement that he had "involved himself in sexual acts with his minor child" and also referred to "acts of sexual misconduct towards the victim." "A person commits incest when he engages in sexual intercourse with a person to whom he knows he is related . . . as (a) father and daughter . . ." Code Ann. § 26-2006. The statements in the agreement do not admit to the essential element of sexual intercourse and for this reason may be characterized as incriminating admissions only. It would have been error for the court to instruct on the law of confessions where the statements amount to admissions only. *Edwards v. State,* 213 Ga. 552 (100 SE2d 172) (1957). This enumeration is without merit.

5. The appellant, represented on appeal by a different attorney, acknowledges that in large measure his enumerations of error involve matters not objected to at trial. He argues, however, that fundamental fairness requires reversal of his conviction. Our review of the record convinces us that appellant's trial was fundamentally fair and free from reversible error. The evidence also was ample to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

Argued June 5, 1980 — Decided July 16, 1980.

*E. Kontz Bennett, Jr.,* for appellant.
*Vickers Neugent, District Attorney,* for appellee.