61588. FENNELL v. THE STATE.

CARLEY, Judge.

The indictment in this case charged appellant with the offense of burglary and alleged that appellant "did unlawfully, without authority, enter into the dwelling house of Cynthia Wharton, with intent to commit a theft and a felony therein, to wit: Rape." The state's evidence showed that at about 3:00 a.m. on June 5, 1980, Ms. Wharton and another were watching television in the bedroom of Ms Wharton's dwelling when appellant — who had no authority or permission to be on the premises — pushed open the bedroom door and entered the room. Upon seeing that the room was occupied, appellant immediately ran out of the apartment. Both Ms. Wharton and the other person occupying the bedroom positively identified appellant. After the incident it was discovered that, during the night, a kitchen window screen had been torn and the window had been opened.

On appeal appellant enumerates as error the failure of the trial court to direct a verdict of acquittal at the conclusion of the state's evidence. Appellant contends that the evidence was insufficient to

support a verdict of guilty and, specifically, appellant argues that there was absolutely no evidence to show that appellant intended to commit rape as alleged in the indictment.

The evidence authorized a finding that appellant entered the victim's dwelling without authority, that the entry was made through a window during early morning hours, and that when observed, appellant fled the premises. There was also evidence that there were valuables contained within the dwelling. Upon this evidence, the jury was authorized to infer that appellant entered with the intent to commit theft. *Ealey v. State,* 139 Ga. App. 604 (229 SE2d 86) (1976); *Wilcox v. State,* 153 Ga. App. 719 (266 SE2d 356) (1980).

We find without merit appellant's argument that the absence of any evidence tending to show appellant's intent to commit rape upon his unauthorized entry demanded a directed verdict of acquittal. Code Ann. § 26-1601 provides, in part, that "[a] person commits burglary when, without authority and with the intent to commit a felony *or* theft therein, he enters or remains within the dwelling house of another . . ." (Emphasis supplied.) "Since [Code Ann. § 26-1602] is disjunctive and the [indictment] conjunctive with one of the conjunctives proven, there is no variance; only a failure to prove more than one of the several ways the crime could have been committed." *Vann v. State,* 153 Ga. App. 710, 711 (266 SE2d 349) (1980). The evidence here being sufficient to show that appellant had the intent to commit a theft, a prima facie case was established and the case was properly submitted to the jury. See *Wells v. State,* 144 Ga. App. 841 (242 SE2d 752) (1978). Our independent review of the entire record in this case convinces us that from the evidence presented at trial a rational trier of fact could reasonably have found proof of the defendant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JULY 8, 1981 —

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, R. Andrew Weathers, Assistant District Attorneys,* for appellee.