## 62127. HUGHES v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of two counts of selling marijuana and one count of simple battery. He enumerates as error the admission into evidence of testimony concerning a statement he made to an agent of the Georgia Bureau of Investigation, the alleged injection of his character into the trial, and the trial court's failure to delete from the indictment another count which the state chose not to prosecute.

1. When the state offered the testimony concerning appellant's statement to the GBI agent, appellant made no objection and made no request for a hearing on the voluntariness of the statement. He is, therefore, precluded from raising any objection thereto on appeal. *Royals v. State,* 155 Ga. App. 378 (1) (270 SE2d 906).

2. Likewise, appellant's failure to call to the attention of the trial court the fact that the indictment sent out with the jury included a count abandoned by the state precludes our consideration of that alleged error. *Lockett v. State,* 153 Ga. App. 569 (3) (266 SE2d 236).

3. Appellant's complaint that his character was placed in issue by the state is based on an unanswered question asked by the prosecuting attorney. Following testimony that appellant had turned himself in at the county jail, the prosecuting attorney asked the sheriff of the county in which the trial was held whether he had ever known of anyone turning himself in at the jail if he did not think he was guilty of something. The trial court sustained a defense objection to the question.

While the question asked of the sheriff may have been inappropriate for other reasons, we cannot agree that appellant's character was placed in issue thereby. The question did not address appellant's general character and did not even imply that appellant was involved in any independent criminal transactions. Besides, appellant's objection to the question was sustained and he requested no further relief. We find no reason for reversal in this enumeration of error.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

Decided September 17, 1981.

Ken Gordon, for appellant.
Arthur E. Mallory III, District Attorney, Marc E. Acree, Assistant District Attorney, for appellee.