63702. ELDER v. THE STATE.

CARLEY, Judge.

Following a jury trial, appellant was convicted of armed robbery. He appeals from the judgment entered upon the jury verdict.

The evidence shows that on November 17, 1980, an armed robbery was committed at a grocery store in southeast Atlanta, Fulton County, Georgia. Two males and a female entered the store and, at gunpoint, robbed the owner and clerk of cash and food stamps. A witness who was in the vicinity of the crime observed two men, one of them carrying a gun and brown paper bag, and a female hurrying from the direction of the grocery store. The witness saw the three get into a 1971 gold Chevelle Malibu which was being driven by an individual whom he identified in court as appellant. This witness provided the police with a tag number and description of the vehicle. A police investigation revealed that a vehicle bearing a similar tag number and description was registered in the name of appellant's brother.

Subsequently, appellant was arrested while he was walking along Hightower Road in Atlanta. He was advised of his constitutional rights and transported to the Atlanta Police Department where he was again advised of his rights. Although appellant refused to sign a waiver of counsel form, he did admit to the

ownership of the vehicle which police theorized was used in the armed robbery and further stated that he was not driving the vehicle at the time of his arrest because it was "broken down."

At trial, the aforementioned statements attributed to appellant were admitted into evidence without objection. Subsequently, appellant moved for a mistrial predicated on the fact that these statements were admitted into evidence without a showing of their voluntariness. The trial court's denial of appellant's motion for mistrial and the failure to conduct an evidentiary hearing to determine voluntariness of appellant's in-custody statements are enumerated as error on appeal.

" 'Where the voluntariness of a confession is questioned on the trial of a criminal case it is necessary under the decision in Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205), to have a separate hearing as to the voluntariness before it is finally presented to the jury for consideration as to its voluntariness.' [Cit.] In the absence of a proper objection, however, there is no requirement for such a hearing. [Cits.]" Watson v. State, 227 Ga. 698, 699 (182 SE2d 446) (1971). Accord, Royals v. State, 155 Ga. App. 378 (1) (270 SE2d 906) (1980). Due process "does not require a voluntariness hearing absent some contemporaneous challenge to the use of the confession." (Emphasis supplied.) Wainwright v. Sykes, 433 U. S. 72, 86 (97 SC 2497, 53 LE2d 594) (1977). See Dent v. State, 243 Ga. 854 (2) (257 SE2d 241) (1979).

In the instant case, appellant did not object to the introduction into evidence of his in-custody statements. Moreover, appellant did not request a Jackson-Denno hearing when the evidence was first offered even though the record indicates that the trial court specifically inquired as to whether the voluntariness of these statements was in issue. "When the state offered the testimony concerning appellant's statement to the [detective], appellant made no objection and made no request for a hearing on the voluntariness of the statement. He is, therefore, precluded from raising any objection thereto on appeal. [Cit.]" Hughes v. State, 159 Ga. App. 591 (1) (284 SE2d 98) (1981).

For the foregoing reasons the trial court did not err in failing to conduct a Jackson-Denno hearing or in denying appellant's motion for mistrial.

Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.

DECIDED MAY 25, 1982.

Michael Moran, for appellant.
Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret

*V. Lines, Andrew Weathers, Assistant District Attorneys,* for appellee.