66198. HUNT v. THE STATE.

BANKE, Judge.

The defendant was convicted of operating a motor vehicle after his license had been revoked under the provisions of the habitual violator statute, OCGA § 40-50-58 (Code Ann. § 68B-308), and without having obtained a valid driver's license after said revocation.

On March 11, 1982, an off-duty officer with the sheriff's department, investigating what sounded to him like an automobile accident near his home, found the appellant's wrecked Chevrolet Camaro in a ditch by the side of a highway. He asked some young boys who had gathered at the scene if they knew who the driver was, and they provided him with a description of a man whom they said had jumped from the car and run towards an adjacent trailer park. The officer reported this information over his police radio, and shortly

thereafter a uniformed patrolman arrived at the scene.

The patrolman searched the car and discovered an envelope inside bearing the appellant's name and the address of the adjacent trailer park. After learning from the resident manager of the park that the appellant in fact occupied a trailer there, the patrolman proceeded to locate that trailer and knock on the door. The appellant appeared before him in what the officer described as an intoxicated condition; and, according to the officer, the following exchange took place: "I asked him if he owned the Camaro, and he said that he did. I asked him had he been driving it, and he said he had. And then I asked him why he had left the scene of the wreck, and he said that the state had his driver's license, and he was due to get them (sic) back soon, and he didn't want to get in any more trouble." The defendant did not object to this testimony at trial. He testified that he had merely been a passenger in the Camaro and introduced the testimony of two other witnesses, one of whom professed to have been the actual driver, in support of this account. *Held:*

1. The incriminatory statements allegedly made by the defendant were sufficiently corroborated by the undisputed evidence showing that the vehicle belonged to him, that he had been riding in it when the collision occurred, that he had left the scene, and that his driver's license had in fact been revoked under the provisions of the habitual violator statute. Taken as a whole, the evidence was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt. See generally *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980). It follows that the trial court did not err in denying his motion for directed verdict.

2. Absent a timely request, the trial court did not err in failing to charge on the evidentiary weight to be given admissions and confessions or in failing to charge that an uncorroborated confession is insufficient to support a conviction. See *Williams v. State,* 196 Ga. 503 (2) (26 SE2d 926) (1943). See generally OCGA § 24-3-53 (Code Ann. § 38-420).

3. Even assuming *arguendo* that the statements the young boys made to the first officer on the scene constituted inadmissible hearsay, the trial court did not err in failing to exclude this testimony. Although the defendant initially raised a hearsay objection, he later acceded to the state's position that the statements were admissible to explain the officer's conduct, and he withdrew his objection "[f]or that limited purpose." His contention on appeal that the officer was not subsequently shown to have engaged in any conduct relevant to the issues being tried was not raised by subsequent renewal of the objection. Therefore, it must be deemed waived.

4. In the absence of an objection or other challenge to the admissibility of the defendant's incriminatory statements, the trial court did not err in failing to conduct a Jackson v. Denno hearing. See *Elder v. State,* 162 Ga. App. 425, 426 (291 SE2d 565) (1982); *Hughes v. State,* 159 Ga. App. 591 (284 SE2d 98) (1981).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 4, 1983.

*John B. Wilkerson, Jr., O. Hale Almand, Jr.,* for appellant.

*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Thomas J. Matthews, Assistant District Attorneys,* for appellee.