A89A0013. McNAIR v. THE STATE.
(379 SE2d 424)

McMurray, Presiding Judge.

Defendant appeals his conviction of the offense of burglary. *Held*:

1. In his first enumeration of error defendant contends the trial

court should have granted his motion for directed verdict of acquittal since the State failed to prove that defendant entered the building with intent to commit a theft. The State's evidence shows that the building in which two businesses were operated was a former gas station. Defendant had gained entrance to the building via a door opening into a rest room by kicking or prying open a door. Inside the rest room defendant had attempted to break through a concrete block or brick wall which would permit access to the remainder of the building. Located on the opposite side of the interior wall defendant unsuccessfully attempted to penetrate was sporting goods equipment belonging to one of the businesses operated in the building. " '(T)he presence of valuables inside the premises can support an inference of intent to steal (cit.), particularly when no other motive is apparent. (Cit.) The evidence supported the verdict.' *Parrish v. State*, 141 Ga. App. 631 (1) (234 SE2d 174) (1977)." *Green v. State*, 158 Ga. App. 321 (1) (279 SE2d 763). See also *Fennell v. State*, 159 Ga. App. 194, 195 (283 SE2d 72); *Loury v. State*, 147 Ga. App. 152 (1) (248 SE2d 291); and *Ealey v. State*, 139 Ga. App. 604, 605 (2), 607 (229 SE2d 86).

2. After a *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) hearing was held outside the presence of the jury, the trial court allowed into evidence an in-custody statement made by defendant to police. Defendant contends that, despite the lack of objection at trial, the statement is inadmissible because the trial court failed to make a clear finding that the statement was made voluntarily before the jury heard the statement. See *Fain v. State*, 165 Ga. App. 188, 189 (6) (300 SE2d 197). This issue has been decided adversely to defendant. " ' "*Where the voluntariness of a confession is questioned* on the trial of a criminal case it is necessary under the decision in *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205), to have a separate hearing as to the voluntariness before it is finally presented to the jury for consideration as to its voluntariness." (Cit.) In the absence of a proper objection, however, there is no requirement for such a hearing. (Cits.)' *Watson v. State*, 227 Ga. 698, 699 (182 SE2d 446) (1971). Accord *Royals v. State*, 155 Ga. App. 378 (1) (270 SE2d 906) (1980). Due process 'does not require a voluntariness hearing absent some *contemporaneous* challenge to the use of the confession.' (Emphasis supplied.) *Wainwright v. Sykes*, 433 U. S. 72, 86 (97 SC 2497, 53 LE2d 594) (1977). See *Dent v. State*, 243 Ga. 854 (2) (257 SE2d 241) (1979)." *Elder v. State*, 162 Ga. App. 425, 426 (291 SE2d 565). See also *Hunt v. State*, 166 Ga. App. 524, 526 (4) (304 SE2d 526).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED FEBRUARY 21, 1989.

*William T. Hankins III*, for appellant.

*Robert E. Wilson*, District Attorney, *Eleni Ann Pryles*, *Thomas S. Clegg*, Assistant District Attorneys, for appellee.