A91A0766. SINKFIELD v. THE STATE.
(411 SE2d 68)

McMURRAY, Presiding Judge.

Defendant was indicted for aggravated assault (with a deadly weapon) in that he did shoot Hymond Wimbush with a firearm. The evidence adduced at a jury trial showed that defendant assisted Curley Kendall, Jr., during a shooting spree on June 24, 1989, which resulted in the death of Horace Bowles and injuries to Hymond Wimbush and James Godfrey. The jury found defendant guilty and this appeal followed the denial of defendant's motion for new trial. *Held:*

1. In his first and eighth enumerations, defendant challenges the denial of his motion for directed verdict and the denial of his motion for new trial, arguing that the evidence was insufficient to authorize a finding that he was a party to the aggravated assault of Hymond Wimbush. We do not agree.

"Any party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission of the crime upon proof that the crime was committed and that he was a party thereto. . . ." OCGA § 16-2-21. In the case sub judice, the State's evidence shows that defendant drove a vehicle within gunshot range of Hymond Wimbush; that Curley Kendall, Jr., fired a shotgun from the vehicle defendant was operating, wounding Hymond Wimbush, and that defendant fled with the assailant after the shooting. This evidence and eyewitness testimony that defendant drove the getaway vehicle after Curley Kendall, Jr., shot other victims with a shotgun on June 24, 1989, was sufficient to authorize a finding, beyond a reasonable doubt, that defendant was a party to the aggravated assault of Hymond Wimbush. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The trial court did not err in denying defendant's motion for directed verdict and motion for new trial.

2. In his second enumeration, defendant contends "[t]he trial court erred in allowing the State to put [his] custodial statement into evidence since the trial court did not properly conduct a hearing into

the voluntariness of the statement."

Special Agent Davis of the Georgia Bureau of Investigation ("GBI") testified regarding the circumstances of defendant's custodial interrogation. However, defense counsel did not then request a *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) hearing outside the presence of the jury. Consequently, there was no requirement for such a hearing. *McNair v. State*, 190 Ga. App. 412, 413 (2) (379 SE2d 424). Nonetheless, defendant claims that he challenged the admissibility of his custodial statement in a pre-trial motion to suppress and that the trial court ruled on his motion to suppress without a hearing. This contention is not supported by the record.

Before trial, a hearing was called on defendant's motion to suppress and defense counsel did not then challenge the admissibility of defendant's custodial statement. He only responded, "After review of the file, I don't believe that the defendant that I represent, Mr. Raymond Sinkfield, Jr., has any standing with regard to the items seized as a result of the stop in Coweta County." The trial court then denied the motion to suppress. These circumstances do not reveal a foreclosure of the right to a hearing on the admissibility of defendant's custodial statement. On the contrary, this portion of the record reveals that defendant was provided a full and fair opportunity to press any issue allegedly raised under the motion to suppress and that defense counsel waived any claim thereunder by failing to press issues at the pre-trial motion to suppress hearing. See *Willis v. State*, 197 Ga. App. 230 (2) (398 SE2d 259). Moreover, Special Agent Davis' testimony revealed that defendant was advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694); that defendant indicated an understanding of his constitutional rights; that defendant was made aware that he could invoke his rights at any time during questioning; that defendant was not threatened, promised or coerced into giving a statement and that defendant waived his constitutional rights and gave a statement "about the shooting death of Horace Phillip Bowles . . ., the shooting of James Godfrey, and the shooting of Hymond Wimbush." This testimony is sufficient to authorize a finding that defendant freely, knowingly and voluntarily submitted to custodial interrogation. See *Dent v. State*, 243 Ga. 854 (2) (257 SE2d 241).

3. Defendant next contends the trial court erred in denying his motion for a State-funded psychiatric examination and argues the trial court's failure to make an "effort to determine [his] mental competence or mental abilities deprived [him] of due process and was reversible error."

Defendant filed motions for State-funded psychological and psychiatric examinations and a notice of intent to raise the issue of mental competency to stand trial. However, defendant did not plead

insanity under OCGA § 17-7-131 (b) (1) and he did not file a notice of intent to raise the issue of insanity at the time of the alleged offense as is required under Rule 31.4 of the Uniform Rules for the Superior Courts of Georgia.

"The constitutional guarantees require the trial court to inquire into competency, even where state procedures for raising competency are not followed, if evidence of incompetence comes to the court's attention." *Baker v. State,* 250 Ga. 187, 188 (1), 190 (297 SE2d 9). In the case sub judice, a jury was empaneled and sworn and, before the introduction of evidence, the trial court called a hearing on defendant's motion for a State-funded psychiatric examination. The trial court then asked defense counsel "to make a prima facie showing that [defendant] needs it." Defense counsel responded, "I rely on [OCGA §] 17-7-31." The trial court denied defendant's motion for a State-funded psychiatric examination.

" 'The grant or denial of a motion for independent psychiatric examination lies within the discretion of the trial court and will not be overturned unless an abuse of discretion is shown. (Cit.)' " *Hill v. State,* 259 Ga. 557, 558 (2b) (385 SE2d 404). In the case sub judice, defendant was given a hearing on his motion for a State-funded psychiatric examination, but defense counsel did not then offer proof that defendant was unable to intelligently participate during trial and that defendant's sanity at the time of the offense was a significant factor at trial. See *Jones v. State,* 189 Ga. App. 232, 234 (2) (375 SE2d 648). Further, a review of the record does not reveal a lack of competency on the part of defendant. On the contrary, defendant testified on his own behalf and responsively answered questions on direct and cross-examination. See *Pless v. State,* 260 Ga. 96, 98 (3) (390 SE2d 40), and *Thaxton v. State,* 260 Ga. 141, 143 (4) (390 SE2d 841). Under these circumstances, we find no abuse of discretion in the denial of defendant's motion for a State-funded psychiatric examination. Compare *Baker v. State,* 250 Ga. 187, 188 (1), supra, where the defendant was not afforded a hearing on the issue of competency.

4. In his fourth enumeration, defendant contends "[t]he trial court erred in allowing the State to impeach it's [sic] own witness without first laying a proper foundation."

" 'Objection on the ground of a lack of proper foundation without stating what the proper foundation should be is insufficient and presents nothing for consideration on appeal. (Cits.)' *Newman v. State,* 239 Ga. 329, 330 (236 SE2d 673) (1977)." *Robinson v. State,* 175 Ga. App. 845 (2), 846 (334 SE2d 886). In the case sub judice, defense counsel objected when the State's attorney attempted to impeach his own witness and argued that the State's attorney "has not laid a proper foundation to declare this witness a hostile witness." However, defense counsel did not then state what the proper founda-

tion should be. Under these circumstances, we find nothing for review.

5. In his fifth enumeration, defendant contends "[t]he trial court erred in allowing officers to testify to statements made by co-defendant Curley Kendall."

The State called Deputy Duckett of the Coweta County Sheriff's Department and Special Agent Davis of the GBI to impeach State's witness Curley Kendall, Jr. Defense counsel objected and argued that the State could not impeach its own witness without a declaration that the witness was hostile and that the State "is now bound by . . ." Curley Kendall, Jr.'s trial testimony. The trial court overruled defendant's objection and the officers testified, revealing that Kendall made prior statements which conflicted with his trial testimony.

A party may impeach its own witness through the use of a prior inconsistent statement and a prior inconsistent statement is admissible as substantive evidence when the maker of the statement takes the stand and is subject to cross-examination. *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717). Further, it is unnecessary to show entrapment or surprise when a party is impeaching its own witness. *Ranger v. State*, 249 Ga. 315, 317 (2) (290 SE2d 63); *Davis v. State*, 249 Ga. 309, 313 (3) (290 SE2d 273). In the case sub judice, Kendall testified for the State and was available for cross-examination. Consequently, the trial court did not err in allowing the State to impeach Kendall through the testimony of Deputy Duckett and Special Agent Davis. This enumeration is without merit.

6. Defendant contends that a 1973 indictment wherein he was charged with aggravated assault was improperly admitted during the sentencing phase of trial because he was not given timely notice that the indictment would be used in aggravation of punishment and because the 1973 indictment does not indicate that he was convicted of the crime charged therein. This enumeration presents nothing for review.

"This court will not review for legal error any sentence which is within the statutory limits — as in the instant case. *Garrett v. State*, 147 Ga. App. 500 (3) (249 SE2d 315); *Daniels v. State*, 154 Ga. App. 323 (3) (268 SE2d 376). Any question as to the excessiveness of a sentence which is within legal limits should be addressed to the sentence review panel, as provided in Code Ann. § 27-2511.1 (Ga. L. 1974, pp. 352, 358; 1977, pp. 1098, 1104) [now OCGA § 17-10-6]." *Tommie v. State*, 158 Ga. App. 216 (1) (279 SE2d 510).

7. In his seventh enumeration, defendant contends the evidence did not support the trial court's charge on voluntary intoxication and cites *Sweat v. State*, 119 Ga. App. 646, 647 (2) (168 SE2d 654), wherein it was held that a charge on drunkenness was error because there was insufficient evidence to authorize a finding that defendant

committed the crime charged. The case sub judice is distinguishable from *Sweat v. State*, supra, in that there is sufficient evidence to authorize a finding, beyond a reasonable doubt, that defendant was a party to the aggravated assault of Hymond Wimbush and there is evidence that defendant was intoxicated at the time of the crime. See *Carter v. State*, 146 Ga. App. 322 (4) (246 SE2d 378). The trial court did not err in charging on voluntary intoxication.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 9, 1991 —
RECONSIDERATION DENIED SEPTEMBER 25, 1991 —

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Anne C. Allen*, for appellant.

*William G. Hamrick, Jr., District Attorney, David P. Oliver, Assistant District Attorney*, for appellee.