### A98A0763. TAYLOR v. THE STATE.
(502 SE2d 540)

McMurray, Presiding Judge.

Tony Taylor appeals his conviction and sentence for aggravated assault. *Held*:

The evidence, construed in favor of the verdict, shows the following: During the evening of August 30, 1995, defendant Tony Taylor drove to the apartment of an acquaintance, Debra Green. He parked his car in a high school parking lot 100 yards from her apartment and walked down a dirt path to her kitchen door. When Green opened the door in response to defendant's knock, defendant said " 'Let me in, I have a gun' and then he pulled out the gun." She tried to slam the door, but defendant forced his way into her home. She screamed and tried to fight defendant. He said: " 'Shut up, shut up, I'm going to shoot you in the head.' " Green, however, resisted, screaming continuously. She pushed defendant's arm and hand away. When she did so, he shot her in the hand. Defendant picked her up, carried her to the hall, and laid her down on the floor. Although defendant was standing over her, straddling her, Green continued to fight and even managed to get his pistol. When defendant realized she had his pistol, he panicked and backed away. Green, who did not realize she had the pistol, took advantage of the opportunity, threw the pistol to the side and escaped. She ran to a neighbor's home and called the police.

Police found evidence inside Green's home consistent with her account of the assault: spots of blood on her kitchen floor at the threshold and on the interior side of her door, a bullet lodged in the floor at the threshold, the doormat kicked aside, one house slipper by the door and one in the hallway, and depressions in Green's vacuumed hallway carpet. Police also recovered from the apartment a .22 caliber pistol with the name "Tony Taylor" on it and defendant's car keys. His pistol held five live rounds and one spent shell casing. The police found his car in the high school parking lot, locked, and with a pistol holster on the front seat.

When the police went to defendant's house, he opened the door and held his arms out. His shirt had blood stains on it. He had an odor "of what [the officer] believed to be alcoholic beverages. . . ." Two and a half hours after the incident, police administered two Intoxilyzer 5000 breath tests to defendant. The test results indicated that he had a blood alcohol concentration between .256 and .270. In a statement given the next morning, defendant claimed he was fleeing

from attackers and went to Green's home to use the telephone to call police. He claimed he shot her accidentally.

1. Defendant contends the evidence adduced at trial was insufficient to support a conviction for aggravated assault because the State failed to prove Green was in reasonable apprehension of physical harm. However, Green's testimony that she continuously fought her armed attacker while screaming "Help me, God, help me Jesus, help me God, help me," is palpable evidence of reasonable apprehension of physical harm. The evidence was sufficient to persuade a rational trier of fact of defendant's guilt of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant enumerates as error the trial court's admission of the Intoxilyzer test results, arguing the results were not relevant and that the State failed to lay a proper foundation for their admission. First, defendant did not object to the evidence on relevance grounds. "Where an entirely different objection or basis for appeal is argued in the brief which was not presented at trial we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court." (Citation and punctuation omitted.) *Hill v. State*, 224 Ga. App. 208, 209-210 (2) (480 SE2d 256) (1997). Second, although defendant did make a foundation objection, he abandoned it after the State laid a foundation for the introduction of the test results. The objection, therefore, is waived. E.g., *Hunt v. State*, 166 Ga. App. 524, 525 (3) (304 SE2d 576) (1983).

3. The trial court did not err in giving the State's requested charge on voluntary intoxication. The arresting officer testified that defendant had an odor "of what [the officer] believed to be alcoholic beverages. . . ." Within two and a half hours of the assault, defendant registered a blood alcohol concentration between .256 and .270. The jury could infer from this evidence that defendant was intoxicated at the time of the assault. The charge, therefore, was warranted by the evidence. *Hamilton v. State*, 179 Ga. App. 434, 436 (6) (346 SE2d 881) (1986).

4. The trial court did not err in failing to give a charge on reckless conduct. "As a general rule, a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." (Citations and punctuation omitted.) *Rhodes v. State*, 221 Ga. App. 792, 795 (7) (470 SE2d 790) (1996). Here, however, defendant made no written or oral request to charge on reckless conduct. "[T]he failure to instruct on a lesser included crime is not error, regardless of whether the evidence would have authorized or demanded such a charge, in the absence of a written request." (Citations and punctuation omitted.) *Henry v. State*, 265 Ga. 732, 737 (6), 738 (462 SE2d 737) (1995).

5. During closing argument, the State argued that defendant may have intended to rape Green. Defendant contends the court erred in permitting this argument. However, because defendant did not interpose an objection, any error is waived. *Stell v. State*, 210 Ga. App. 662, 664 (6) (436 SE2d 806) (1993). Moreover, the argument was not objectionable. "[C]ounsel may draw from the evidence properly before the factfinder 'any inference apparently reasonable and legitimate.'" (Citation omitted.) *Morgan v. State*, 267 Ga. 203, 204 (1) (476 SE2d 747) (1996). Defendant carried Green away from the door and laid her down on the carpeted floor, then climbed over her body, straddling her. The prosecutor could infer from this evidence an intent to rape.

6. Defendant further contends that his trial counsel was ineffective for reasons involving trial tactics — failing to request a charge or object to the charge as given or failing to object to evidence or argument. "Judicial review of counsel's performance should be highly deferential with substantial latitude given trial counsel in deciding trial strategy." *Lakes v. State*, 266 Ga. 389 (2) (467 SE2d 566) (1996). Trial counsel appeared at the hearing on the motion for new trial and testified regarding his own effectiveness. After hearing from trial counsel, the trial court, who presided at defendant's trial and witnessed trial counsel's performance, found no basis for holding that defendant had been denied effective assistance. Having reviewed the transcript of the hearing on the motion for new trial, we conclude that defendant failed to meet his burden of showing any deficiency in his trial counsel's performance which prejudiced the defense. See id.

7. In his final enumeration of error, defendant argues the trial court erred in sentencing defendant to ten years imprisonment based upon the court's allegedly inaccurate recollection that defendant pointed a gun at Green's head. However, whether the court's recollection is inaccurate is irrelevant under these circumstances. The evidence supports a conviction for aggravated assault. The sentence was within the statutory limits set by OCGA § 16-5-21 (b). "We will not review for legal error any sentence which is within the statutory limits. Any question as to the excessiveness of such a sentence should be addressed to the sentence review panel as provided in OCGA § 17-10-6." (Citation omitted.) *Winn v. State*, 215 Ga. App. 120 (2) (449 SE2d 667) (1994).

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 21, 1998 —
RECONSIDERATION DENIED JUNE 10, 1998 —

*Lloyd D. Murray & Associates, Carol Bacon*, for appellant.
*Dupont K. Cheney, District Attorney, Henry P. Smith, Assistant District Attorney*, for appellee.