A98A2220. RANDALL v. THE STATE.
(507 SE2d 511)

ELDRIDGE, Judge.

Appellant Patricia Randall appeals a Terrell County jury's verdict finding her guilty of burglary. We affirm.

Randall permitted her friend Marsha Huber Caudle to put Caudle's new trailer on Randall's property. Several months after moving into the trailer, Caudle became ill. Medical tests showed that she was suffering from an allergic reaction to the formaldehyde used in the manufacture of the trailer. Caudle moved out, but left a number of antiques and family heirlooms in the trailer. Caudle left the Terrell County area; however, she returned periodically to check on the trailer and its contents.

Approximately five months after she moved out, Caudle returned to the trailer with a U-Haul in order to retrieve her property. The trailer had been entered though the back door, which would no longer lock. The contents of the trailer had been removed. Caudle contacted the Terrell County Sheriff's Department. When Randall

was informed of the burglary, she told Caudle "she just didn't know who would do such a thing."

Shortly thereafter, Caudle's sister-in-law was in a local antique shop in Sasser, Terrell County. She saw several items that looked like those taken from Caudle's trailer. After telling the shop owner of her concerns, the owner called the Sheriff's Department. Investigation revealed that Randall sold the shop owner two truck loads of items from Caudle's trailer. Investigation also showed that Randall sold the trailer's refrigerator, stove, washer, and dryer to a used appliance store in Albany. Further, Randall sold another antique shop owner 55 pieces of Caudle's china. Randall did not have permission to enter Caudle's locked trailer and remove Caudle's property.

At trial, Randall testified that Caudle owed her money and that she had consulted with an attorney about the situation. Randall testified that she relied upon the attorney's advice in entering Caudle's trailer, taking Caudle's property, and selling it. She testified that she did not go into the trailer with the intent to steal, but that she misunderstood the attorney's legal advice and thus "made a mistake."

The jury deliberated less than 20 minutes before finding Randall guilty of burglary with theft by taking as the underlying felony. *Held*:

1. Randall first contends that the trial court erred by failing to charge the jury on her sole defense, "mistake of fact," pursuant to her request.

While a trial court is required to charge on a criminal defendant's sole defense of mistake of fact even absent a request to do so, such a charge is not required where it is not authorized by the evidence. *Gunter v. State*, 155 Ga. App. 176, 177 (3) (270 SE2d 224) (1980). "Mistake of fact is a defense to a crime to the extent that the ignorance of some *fact* negates the existence of the mental state required to establish a material element of the crime. [Cit.]" (Emphasis supplied.) *Jones v. State*, 263 Ga. 835, 839 (439 SE2d 645) (1994). A mistake of fact is defined as "a misapprehension of fact which, if true, would have justified the act or omission." OCGA § 16-3-5. "Failure to give a charge on mistake of fact is not error where the evidence shows that a party made a mistake of law. [Cit.]" *Turner v. State*, 210 Ga. App. 303, 304 (1) (436 SE2d 229) (1993).

Here, the trial record shows that the gist of Randall's "mistake" defense was to contest the elements of the theft by taking offense, i.e., unlawfully taking or appropriating the property of another. Thereby, Randall attempted to negate the burglary charge which could not stand without the underlying felony. OCGA §§ 16-8-2; 16-7-1. In so doing, Randall testified that an attorney with whom she consulted told her that she had the legal right to sell Caudle's property in order to be reimbursed for money Caudle allegedly owed her. In that regard, Randall testified that "I misunderstood. I made a mis-

take. I am not a thief. I did not go in that house with the intent to steal." Thus, the only "fact" about which Randall claimed to be mistaken is that she allegedly believed it was *lawful* to take Caudle's property with the intention of depriving Caudle thereof. Accordingly, Randall's mistake was one of law, not of fact, and there was no error in failing to charge the jury on the defense of "mistake of fact."[1] *Turner v. State*, supra at 304; *Jones v. State*, supra at 839.

2. Randall also contends that she received ineffective assistance of counsel at trial.

"Generally, the burden is on the defendant claiming ineffective assistance of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness *and* (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Citations and punctuation omitted; emphasis in original.) *Anderson v. State*, 228 Ga. App. 453, 457 (491 SE2d 893) (1997).

Randall contends that her trial attorney was ineffective because defense counsel (a) failed to call witnesses "to buttress the Defendant's theory of mistake"; and (b) failed to develop and argue a legal defense to the burglary charge based on landlord/tenant law regarding abandonment of leased premises. This claim of error is meritless.

(a) Trial counsel testified at the motion for new trial that the decision to call no witnesses during the defense case-in-chief was a decision with which Randall fully concurred. "After we discussed the situation and what the ramifications for each one of these callings would be she agreed with me we shouldn't have any witnesses."

Further, other than Randall's speculation during the motion for new trial as to matters about which potential defense witnesses *might* have testified, there was *no evidence* that any witness would have "buttressed" Randall's defense. Randall did not call any of these alleged defense witnesses during the motion for new trial in order to show favorable evidence that her defense counsel had failed to obtain. Thus, neither error nor harm has been shown so as to support a claim of ineffective assistance of counsel.

---

[1] Contrary to arguments made in appellant's reply brief, Randall's defense of "mistake of fact" did not go to the elements of burglary, except as they relate to the underlying felony of theft by taking. There is absolutely no evidence in the trial record to support the notion that Randall believed she had Caudle's permission to enjoy "free access" to Caudle's trailer. This was an idea that was developed after trial, during the motion for new trial. The record shows that Randall did not testify that the consulting attorney advised her that she had a right to enter the trailer, and Randall did not testify that she believed she had authority to enter the trailer.

(b) There is no evidence that Caudle abandoned her trailer. Further, Randall did not own the trailer and lease it to Caudle so as to permit entry into the trailer, even if it had been abandoned. Landlord/tenant law does not apply here. "[T]he crime as it was actually committed was totally against [Caudle's] property rights" as the owner of the trailer and its contents. (Citation omitted.) *Purdue v. State*, 165 Ga. App. 466, 467 (302 SE2d 118) (1983). Thus, neither error nor harm has been shown so as to support a claim of ineffective assistance of counsel.

Accordingly, the trial court's denial of Randall's ineffective assistance of counsel claim was not clearly erroneous. *Anderson v. State*, supra at 457.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 2, 1998 —
RECONSIDERATION DENIED OCTOBER 14, 1998.

*James N. Finkelstein*, for appellant.
*Charles M. Ferguson, District Attorney, Ronald S. Smith, Assistant District Attorney*, for appellee.