A99A1340. HARDEN v. THE STATE.
(521 SE2d 829)

RUFFIN, Judge.

A jury found Odell Harden guilty of violating the Georgia Controlled Substances Act by selling cocaine. The trial court sentenced him to thirty years, with five years to serve and twenty-five years on probation. Harden appeals, asserting multiple errors. As Harden's assertions lack merit, we affirm.

1. In his first enumeration of error, Harden challenges the sufficiency of the evidence. Following his criminal conviction, Harden no longer enjoys a presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict. *Reviere v. State*, 231 Ga. App. 329, 333 (6) (498 SE2d 332) (1998). In so doing, we neither weigh the evidence nor determine witness credibility, but merely determine whether the evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Reviere*, supra.

Viewed in a light most favorable to the jury's verdict, the evidence shows that on October 23, 1996, Police Officer Don Chapman was working as an undercover officer in an area known for drug sales. While driving a truck slowly through the neighborhood, Chapman made eye contact with a pedestrian, Carolyn Rowe. According to Chapman, he had a hunch that Rowe was a "bladerunner" — a person with a drug habit who facilitates drug sales for dealers in exchange for drugs.

Chapman stopped his truck, and Rowe approached him. Chapman told Rowe that he was looking for a "forty," which, in street terms, means $40 worth of cocaine. Rowe directed Chapman to another location where he could obtain the drugs.

After Chapman drove to the location specified by Rowe, Rowe arrived on foot. Rowe indicated that she would return shortly, and she walked toward a house. Approximately five minutes later, Rowe returned to the truck with Harden. Rowe handed Chapman crack cocaine. Harden then said "Let me — let me hold it. . . . Let me hold the money. Come on man." Chapman handed the money to Rowe, who was standing closer to him. As Rowe and Harden walked away, the two were arrested.

This evidence was sufficient to support the jury's determination that Harden participated in the sale of cocaine to Chapman. Rowe told Chapman that she would have to get the crack cocaine else-

where. When Rowe returned with the crack cocaine, she was accompanied by Harden, which supports an inference that Harden supplied the drugs. After Rowe gave Chapman the cocaine, Harden demanded the money. Even if Harden was not treated as the actual seller, the jury was authorized under these circumstances to find Harden guilty of being a party to the sale of cocaine. See *Clay v. State*, 232 Ga. App. 541-542 (1) (502 SE2d 267) (1998).

At trial, Harden testified that he had loaned Rowe $10 and that he went with her to Chapman's truck to get the money he was owed. He denied participating in the drug deal and claimed that he never saw Rowe hand Chapman the drugs. Although Harden denied any participation, "the credibility of witnesses and the resolution of such conflicts are for the jury." (Punctuation omitted.) *Al-Beti v. State*, 210 Ga. App. 312 (1) (436 SE2d 50) (1993). The jury clearly found Harden's testimony incredible, and we will not disturb this finding on appeal.

2. Harden contends that, during the sentencing phase, the trial court erred in admitting a copy of his prior conviction for armed robbery absent a showing that he had voluntarily pled guilty. Thus, Harden maintains that the prior conviction should not have been considered as a basis for enhanced sentencing under OCGA § 17-10-7. "However, [Harden] failed to object to the use of [this] conviction[ ] in the sentencing portion of the trial. As a result, we cannot review this alleged error on appeal." *McKay v. State*, 234 Ga. App. 556, 560 (3) (507 SE2d 484) (1998).

3. Harden asserts that the trial court erred in sentencing him to the maximum penalty prescribed in OCGA § 16-13-30 based upon the sentencing mandate contained in OCGA § 17-10-7. Under OCGA § 16-13-30 (d), a person may be "punished by imprisonment for not less than five years nor more than 30 years" for a first conviction of selling cocaine. OCGA § 17-10-7 (a) provides, in pertinent part, that

> any person convicted of a felony offense in this state . . . , who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

According to Harden, the lack of discretion in OCGA § 17-10-7 (a) "emasculates" the discretion contained in OCGA § 16-13-30 (d), thus creating a conflict. Harden argues that OCGA § 17-10-7 (a) should not apply to OCGA § 16-13-30 absent express instruction from the

legislature. This argument has no merit.

Initially, we see no conflict between OCGA § 16-13-30 (d) and OCGA § 17-10-7 (a). "OCGA § 17-10-7 provide[s] for enhanced sentencing of repeat offenders where no other sentencing provision control[s]." *Mikell v. State*, 270 Ga. 467, 468 (510 SE2d 523) (1999). In *Mikell*, the Supreme Court noted that OCGA § 16-13-32.5 (c) (2) provides specific sentencing provisions for repeat convictions under OCGA § 16-13-32.5 (b). Id. at 467-468. Here, however, OCGA § 17-10-7 is the only recidivist provision that governs the situation where a defendant, who has a prior felony conviction for armed robbery, is subsequently convicted of a felony for selling cocaine. Thus, the trial court correctly applied this Code section in sentencing Harden.

Moreover, we note that Harden's 30-year sentence was within the statutory limits set by OCGA § 16-13-30 (d). "We will not review for legal error any sentence which is within the statutory limits. Any question as to the excessiveness of such a sentence should be addressed to the sentence review panel as provided in OCGA § 17-10-6." (Punctuation omitted.) *Taylor v. State*, 232 Ga. App. 825, 827 (7) (502 SE2d 540) (1998).

4. Harden argues that the trial court erred in depriving him of a thorough and sifting cross-examination of Chapman. On cross-examination, Harden's attorney posed the following question to Chapman: "[M]ost of these people on these . . . crime busts are generally two things, poor and black, is that right?" The State objected on relevance grounds, and the trial court sustained the objection.

As we recently reiterated,

> [a]lthough a defendant has a right to a thorough and sifting cross-examination of the witness, the scope of cross-examination is not unlimited, and the extent of examination is largely within the discretion of the trial judge and will not be controlled by an appellate court except for abuse of discretion. Moreover, although the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value, the admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court.

(Citations and punctuation omitted.) *Bell v. State*, 235 Ga. App. 825 (510 SE2d 589) (1998). Here, the trial court did not abuse its discretion in refusing to allow Harden to question Chapman about the race and/or income level of other arrestees as the testimony was not relevant to Harden's guilt or innocence. See *Sandoval v. State*, 264 Ga. 199, 200 (2) (a) (442 SE2d 746) (1994) (evidence as to race is not admissible where it is not relevant to any issue).

5. Harden contends that the trial court erred in refusing to instruct the jury on mistake of fact pursuant to his written request. He contends that such charge was warranted because he "did not participate in the sale. He simply wanted the money that was owed him [by Rowe]." We disagree.

"When there is a timely written request for an instruction on an affirmative defense that is supported by evidence, it is reversible error to fail to give the instruction, whether verbatim or in substance." (Punctuation omitted.) *Sapp v. State*, 179 Ga. App. 614, 615 (2) (347 SE2d 354) (1986). "Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law." *Davis v. State*, 269 Ga. 276, 279 (3) (496 SE2d 699) (1998).

In this case, the evidence presented did not raise the issue of mistake of fact. "Mistake of fact is a defense to a crime to the extent that the ignorance of some *fact* negates the existence of the mental state required to establish a material element of the crime." (Punctuation omitted.) *Randall v. State*, 234 Ga. App. 704, 705 (1) (507 SE2d 511) (1998). Pursuant to OCGA § 16-3-5, a mistake of fact is "a misapprehension of fact which, if true, would have justified the act or omission." Here, Harden's defense was not a mistake of fact, but was to deny committing the crime alleged. "[Harden] cannot deny committing an act, while at the same time argue he committed the act by mistake." (Punctuation omitted.) *Willingham v. State*, 235 Ga. App. 475, 477 (2) (509 SE2d 744) (1998). Moreover, if Harden participated in the drug sale, the fact that he did so because he was owed money by Rowe would not justify his act. Under these circumstances, the trial court did not err in refusing to instruct the jury on mistake of fact.

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED AUGUST 24, 1999.

*C. Jackson Burch*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellee.