### A01A1014. DAVIS v. THE STATE.
(548 SE2d 678)

MIKELL, Judge.

Xavier Davis was indicted for the offenses of aggravated assault and criminal attempt to commit armed robbery. He was convicted of both crimes. Davis filed a motion for new trial, which the court denied. This appeal followed. We affirm the conviction.

Viewed in the light most favorable to the jury's verdict, the evidence shows that on March 20, 2000, Davis and his girlfriend, Nekosha Gibson, went to the home of Chris Robinson[1] in the Fort Hill area of Macon. While there, Davis agreed to drive Chris Akins, who was also at Robinson's home, to pay a utility bill. Davis left with Robinson, Akins, and Gibson.

---

[15] OCGA § 10-6-25; *Jennette v. Nat. Community Dev. Svcs.*, 239 Ga. App. 221, 223-224 (2) (520 SE2d 231) (1999).

[1] Robinson was convicted of attempted armed robbery and aggravated assault in the Juvenile Court of Bibb County, based on the events involved in this case. He testified at Davis' trial as a witness for the state.

Davis first drove to his grandmother's home and then stopped at a Subway store to purchase a sandwich for Gibson. He proceeded to the home he shared with Gibson, and everyone exited the car. Akins testified that he asked when Davis would drive him to pay his bill, and Davis responded that he would "after a while."

Akins further testified that he, Davis, and Robinson got back into Davis' car, drove around, and smoked a "blunt," which is a marijuana cigar. According to Robinson and Akins, Davis told them that he had a "lick" for them, which they understood to mean a robbery. Robinson agreed to participate in the robbery.

Davis drove to the Mini Foods store located at a filling station at the corner of Napier Avenue and Ayers Road. Davis instructed Robinson to perform the robbery alone, because the people inside the store might recognize him. Davis described the location of the safe under the counter and parked the car a short distance away from the store. Robinson asked for a weapon, and Davis gave him a gun. Robinson and Akins exited the car and walked in the direction of the store.

Robinson testified that he entered the store wearing a blue bandanna over his face and a cap, and that he carried the gun. Valerie Keels, the manager at the Mini Foods store, testified that a man later identified as Robinson approached her at the counter and said, "bitch, give me your money." Keels further testified that she felt threatened by Robinson, that she saw the gun, and that he told her, "bitch, I'm gonna [sic] kill you." When Keels opened the cash register, Robinson attempted to reach into the drawer, and Keels slammed it shut. Robinson turned and ran out of the store.

Joseph Fuller, a passing motorist, witnessed two men running from the store toward a car parked nearby. Fuller testified that the two men got into the car with a third man and drove away. Fuller described the car as "one of these box Chevrolets" and further testified that it had gray primer on it. When Fuller noticed police officers at the Mini Foods store, he stopped and told them what he had seen. Fuller testified that he saw the same car driving in the neighborhood near a Sprint Food store after he left the crime scene.

Shortly thereafter, police stopped Davis' car at the Sprint Food store in the area. Fuller was called to the scene, where he identified the car as the one he had seen outside the Mini Foods store. Davis' grandmother consented to a search of her home, and police found a gun matching the description of the one used in the robbery on a table on the porch, under a floor mat from a car. Robinson testified that he had returned the gun to Davis after they left the store, and that Davis subsequently put the gun on the table, hidden under a floor mat.

At trial, Davis denied any involvement in the incident.

1. Davis first argues that there was insufficient evidence to sup-

port his conviction of aggravated assault and criminal attempt to commit armed robbery. We disagree.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998). We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *Williams v. State*, 233 Ga. App. 217 (1) (504 SE2d 53) (1998).

Based on the evidence summarized above, a rational trier of fact could have found Davis guilty of both offenses beyond a reasonable doubt. A person is a party to a crime if he "[i]ntentionally aids or abets in the commission of the crime; or . . . [i]ntentionally advises, encourages, hires, counsels, or procures another to commit the crime." OCGA § 16-2-20 (b) (3), (4). See also *Anderson v. State*, 237 Ga. App. 595, 596 (2) (516 SE2d 315) (1999). The record demonstrates that Davis devised the plan for Robinson to rob the Mini Foods store, advised and encouraged him, provided him with a weapon, and aided him in the commission of the crimes.

OCGA § 16-5-21 (a) provides: "A person commits the offense of aggravated assault when he or she assaults . . . [w]ith intent to . . . rob; . . . [or w]ith a deadly weapon." There is ample evidence that Robinson threatened Keels with the gun and had the intention to rob the store. Accordingly, the evidence supports Davis' conviction as a party to the crime of aggravated assault.

Likewise, Davis' conviction for criminal attempt to commit armed robbery must stand. Under OCGA § 16-4-1, "[a] person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." The evidence demonstrates that Robinson took a substantial step toward the commission of an armed robbery when he entered the store, brandished a weapon, and demanded that Keels give him the money. OCGA § 16-8-41 (a). See also *Gaither v. Cannida*, 258 Ga. 557, 558 (1) (372 SE2d 429) (1988). Because Davis advised, encouraged, and aided Robinson, we uphold Davis' conviction.

2. Next, Davis argues that the court erred in refusing to give his requested jury charge on mistake of fact. He contends that the charge was warranted because he did not know that Robinson planned to rob the store when he drove Robinson and Akins there, nor did he know that Robinson had attempted the robbery when he drove them away from the store. This argument is without merit.

It is reversible error to fail to give a requested instruction on an

affirmative defense that is supported by the evidence; however, in this case, the evidence did not raise the issue of mistake of fact. See *Harden v. State*, 239 Ga. App. 700, 703 (5) (521 SE2d 829) (1999). "Mistake of fact is a defense to a crime to the extent that the ignorance of some fact negates the existence of the mental state required to establish a material element of the crime." (Citations, punctuation and emphasis omitted.) *Randall v. State*, 234 Ga. App. 704, 705 (1) (507 SE2d 511) (1998). Pursuant to OCGA § 16-3-5, a mistake of fact is "a misapprehension of fact which, if true, would have justified the act or omission." In the case sub judice, Davis' defense was not mistake of fact but was to deny committing the crimes alleged. In fact, Davis denied driving Robinson and Akins to or from the Mini Foods store at all. Therefore, "[Davis] cannot deny committing an act, while at the same time argue he committed the act by mistake." (Citation and punctuation omitted.) *Harden,* supra at 703 (5). Under these circumstances, the trial court did not err in refusing to instruct the jury on mistake of fact.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MAY 9, 2001.

*Robert M. Bearden, Jr.,* for appellant.
*Howard Z. Simms, District Attorney,* for appellee.