## A05A1698. DIMAS v. THE STATE.
### (622 SE2d 914)

MILLER, Judge.

Samuel Dimas appeals from his conviction for trafficking in methamphetamine on the ground that the trial court failed to charge the jury properly. We find no error and affirm.

The record shows that Dimas delivered methamphetamine to an informant's girlfriend, who was cooperating with police, by placing a white plastic bag containing the drug on the right rear tire of her Chevrolet Suburban. At a signal from the girlfriend, police moved in and arrested Dimas. Shortly afterward, a cell phone Dimas was carrying began to ring. The phone belonged to the dealer who was the principal target of this buy-and-bust operation. The white plastic bag recovered from the right rear tire of the Suburban contained a box with another plastic bag inside it containing 449 grams of a methamphetamine mixture.

At trial, Dimas testified that he had acted as a marijuana courier for this particular dealer on two previous occasions. Dimas also asserted that he thought the white package involved in this deal contained marijuana as well. Dimas was convicted of trafficking in methamphetamine and was sentenced to 30 years in prison. His motion for new trial was denied, and he now appeals.

1. Dimas first argues that the trial court erred when it refused to charge the jury on the affirmative defense of accident. An instruction on accident is available, however, only when "there was no criminal scheme or undertaking, intention, or criminal negligence." OCGA § 16-2-2. Since Dimas testified that he thought he was committing the criminal act of delivering marijuana, the defense of accident was unavailable to him, and the trial court did not err in refusing to charge the jury on that theory. See *Davis v. State*, 269 Ga. 276, 279-280 (3) (496 SE2d 699) (1998).

2. Dimas next asserts that the trial court erred when it refused to charge the jury on criminal solicitation as a lesser included offense of trafficking in methamphetamine. We disagree.

"A person commits the offense of criminal solicitation when, with intent that another person engage in conduct constituting a felony, he solicits, requests, commands, importunes, or otherwise attempts to cause the other person to engage in such conduct." OCGA § 16-4-7 (a). Trafficking in methamphetamine occurs when a person "knowingly sells, delivers, or brings into this state or has possession of 28 grams or more" of that drug or any mixture containing it. OCGA § 16-13-31 (e).

The crime of criminal solicitation is not a lesser included offense of trafficking in methamphetamine because the facts necessary to prove each offense are different. See OCGA § 16-1-6 (lesser included

offense is that established by proof of "the same or less than all the facts" required for the crime charged). Here, as the State argued to the trial court, "other than handing [the informant's girlfriend] a package that was purported to be drugs," there was no evidence "that he was asking her to engage in anything." Since Dimas did not use language indicating a "clear and present danger that a felony will be committed," he was not entitled to a charge on criminal solicitation. *Norris v. State*, 176 Ga. App. 164, 168 (6) (335 SE2d 611) (1985); see *State v. Davis*, 246 Ga. 761, 762 (1) (272 SE2d 721) (1980).

3. Finally, Dimas contends that the trial court erred when it did not instruct the jury sua sponte on the affirmative defense of mistake of fact. Again, we disagree.

OCGA § 16-3-5 provides that a defendant shall not be found guilty of a criminal act when that act "was induced by a misapprehension of fact which, if true, would have justified the act or omission." When a defendant does not request a charge on mistake of fact, the trial court is required to give it nonetheless only when it is the defendant's sole defense and the charge is authorized by the evidence. *Randall v. State*, 234 Ga. App. 704, 705 (1) (507 SE2d 511) (1998). Here, Dimas's mistaken belief that the bag contained marijuana would not have justified the delivery of the package. Thus the trial court did not err when it did not instruct the jury on this affirmative defense. Id.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 4, 2005.

*Mary Erickson*, for appellant.
*Patrick H. Head, District Attorney, Amelia G. Pray, Andrew J. Saliba, Assistant District Attorneys*, for appellee.