## A10A0082. THE STATE v. BLUE.
### (696 SE2d 692)

BARNES, Presiding Judge.

The State appeals from the trial court's order granting Gregory Blue's motion to vacate his sentence of 30 years without possibility of parole following his conviction for trafficking in cocaine. The State argues that the trial court lacked jurisdiction to vacate the sentence, the trial court erred in striking the prior criminal convictions used to enhance Blue's sentence, and the trial court improperly treated Blue's motion as a habeas corpus petition. For the reasons that follow, we reverse.

On April 3, 2003, Blue was found guilty of trafficking in cocaine, OCGA § 16-13-31 (a), and the State filed notice of its intent to seek recidivist punishment under OCGA §§ 17-10-7 (a) and (c), and 16-13-30 (d), based on six prior convictions including one for selling cocaine. Blue was thereafter sentenced to 30 years to serve without the possibility of parole. While the trial court indicated at the sentencing hearing that it was proceeding under OCGA § 16-13-30 (d), the written sentence reflected that the sentence was "pursuant to OCGA § 17-10-7 (a) and (c)."[1]

On February 6, 2009, Blue filed a motion to vacate the sentence as void, arguing, among other things, that because the trial court sentenced him under OCGA § 16-13-30 (d) it was prohibited from utilizing OCGA § 17-10-7 (a) to sentence Blue as a recidivist. Following a hearing, the trial court vacated the earlier sentence, declined to consider the prior convictions used to impose the punishment without parole, and sentenced Blue to 30 years under OCGA § 16-13-30 (d) only. In finding the sentence void, the trial court noted that it was doing so because it was unclear from the record whether OCGA § 17-10-7 (a) had been improperly applied during sentencing. The State appeals, and following our review we reverse.

1. The State first contends that the 2003 sentence was valid under OCGA § 16-13-30 (d), and, thus the trial court did not have

---

[1] We affirmed Blue's conviction in *Blue v. State*, 275 Ga. App. 671 (621 SE2d 616) (2005).

jurisdiction to modify the sentence beyond the statutory period provided for in OCGA § 17-10-1 (f).[2] It argues that Blue's assertions regarding the use of OCGA § 17-10-7 (a) were procedural and not subject to post-appeal sentence modification except as brought by writ of habeas corpus. We agree.

Once the statutory period provided for in OCGA § 17-10-1 (f) expires,

> a trial court may only modify a void sentence. A sentence is void if the court imposes punishment that the law does not allow. To support a motion for sentence modification filed outside the statutory time period, therefore, a defendant must demonstrate that the sentence imposes punishment not allowed by law.

(Punctuation and footnotes omitted.) *Burg v. State*, 297 Ga. App. 118, 118-119 (676 SE2d 465) (2009).

OCGA § 17-10-7 (a) prescribes the punishment for multiple convictions of any type of felony, and second felony offenses must be punished with a sentence for "the longest period of time prescribed for the punishment of the subsequent offense," although the trial court may probate or suspend the sentence. OCGA § 16-13-30 (d) prescribes the punishment for convictions involving the sale of controlled substances, and second or subsequent drug sale offenses are punishable by ten to forty years or life imprisonment. That Code section specifies that the provisions of OCGA § 17-10-7 (a) do not apply to a sentence imposed under OCGA § 16-13-30 (d), although the other provisions of OCGA § 17-10-7 shall apply to any subsequent offense. OCGA § 17-10-7 (c) provides that upon conviction for a fourth or more felony offense, a person must "serve the maximum time provided in the sentence . . . and shall not be eligible for parole until the maximum sentence has been served."

Regardless of what the trial court noted in the written sentence, Blue was not sentenced under OCGA § 17-10-7 (a). If he had been, a sentence of 40 years was required because that was the longest period of time prescribed for a second or subsequent offense. Therefore, Blue's sentence of 30 years without parole was a sentence the law allows, and hence, not illegal or void.

Blue's reliance upon *Papadoupalos v. State*, 249 Ga. App. 300,

---

[2] Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed.

301 (1) (548 SE2d 59) (2001), is misplaced. That case was decided in 2001 before the Supreme Court clarified the law regarding void sentences in *Jones v. State*, 278 Ga. 669 (604 SE2d 483) (2004). *Jones* held:

> When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f). Upon the expiration of the period provided in OCGA § 17-10-1 (f), post-appeal pleadings filed in the sentencing court seeking sentence modification must set forth why the sentence is void, i.e., how it imposes punishment the law does not allow. Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-§ 17-10-1 (f) sentence modification. We take this opportunity to clarify that the direct appeal authorized by *Williams* [*v. State*, 271 Ga. 686 (1) (523 SE2d 857) (1999),] is limited to that taken from a sentencing court's ruling on a pleading which asserts the sentence imposed punishment the law does not allow. Rulings on pleadings asserting erroneous procedure or unfair treatment are not subject to direct appeal because they are not rulings on whether the sentence is void. Rather, a petition for writ of habeas corpus is the means for seeking sentence review for such allegations. See *Saleem v. Forrester*, 262 Ga. 693 (424 SE2d 623) (1993). See also *Collins v. State*, 277 Ga. 586 (591 SE2d 820) (2004), where we held a defendant whose conviction had been affirmed on direct appeal was not entitled to file a direct appeal from the denial of a post-conviction motion contending the judgment of conviction was voidable.

Id. at 670-671.

Under the circumstances, the trial court erred by entertaining Blue's motion as it lacked jurisdiction because the sentence was not void.

2. The State's remaining enumerations of error are moot and need not be addressed.

*Judgment reversed. Blackburn and Bernes, JJ., concur.*

DECIDED JUNE 18, 2010.

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellant.
*Steven M. Holmes, Dwight L. Thomas*, for appellee.