A11A1665. MELESA v. THE STATE.
(724 SE2d 30)

MILLER, Judge.
Following a jury trial, Evan Melesa was convicted of conspiracy to traffic in methamphetamine over 400 grams (OCGA §§ 16-4-8, 16-13-31 (e) (3)). Melesa filed a motion for new trial, which the trial

---

court denied. On appeal, Melesa contends that the evidence was insufficient to support his conviction. For the reasons set forth below, we affirm.

> On appeal from a criminal conviction, this court views the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. This court neither weighs the evidence nor judges the credibility of witnesses, but only determines whether the evidence presented at trial was sufficient for a rational trier of fact to find the defendant guilty of the crime beyond a reasonable doubt.

(Citation omitted.) *Cochran v. State*, 300 Ga. App. 92 (684 SE2d 136) (2009).

So viewed, the evidence shows that Melesa met Anthony Cebada in the fall of 2004 and sold Cebada one pound, or approximately 450 grams, of methamphetamine for approximately $14,000. Thereafter, Cebada made monthly purchases of methamphetamine from Melesa, buying one or more pounds each time. Cebada coordinated the transactions with Melesa or his translator, who was always present with Melesa during the transactions.

In February 2005, Melesa and his translator delivered three pounds of methamphetamine to Cebada at his house. Cebada could only pay for half of the methamphetamine at the time, but agreed to pay Melesa back an additional $15,000 for the rest of the methamphetamine. About a week later, Cebada called to inform Melesa that he had the $15,000. Melesa sent his translator, who traveled in Melesa's vehicle, to retrieve the $15,000 from Cebada.

Around this time, police officers instituted surveillance on Cebada and began wiretapping his cell phones based on the suspicion that Cebada was distributing methamphetamine. Police officers observed the translator leave Cebada's residence, initiated a traffic stop, and recovered $15,000 in cash from the translator.

Officers later arrested Cebada after observing an apparent drug transaction and seized a bag containing approximately 401.5 grams, slightly less than a pound, of methamphetamine along with approximately $16,000 in cash during the search of Cebada's vehicle. When Cebada implicated Melesa as one of his drug suppliers, officers arrested Melesa and charged him with conspiracy to traffic in methamphetamine.

At trial, the State presented the testimony of several witnesses, including Cebada and Melesa's translator, and played the intercepted phone calls between Cebada, Melesa, and Melesa's translator in which they discussed the methamphetamine transactions. Following

the presentation of evidence, the jury found Melesa guilty of conspiracy to traffic in methamphetamine over 400 grams.

On appeal, Melesa contends that the evidence was insufficient to sustain his conviction. We disagree.

Pursuant to OCGA § 16-13-31 (e), trafficking in methamphetamine is committed when "[a]ny person who knowingly sells, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine[.]"[1] Additionally, "[a] person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy." OCGA § 16-4-8.

> To prove conspiracy, two elements must be shown: an agreement and an act in furtherance of it. The [S]tate need not prove an express agreement between the co-conspirators; it only must show that two or more persons tacitly came to a mutual understanding to accomplish or to pursue a criminal objective. Conspiracy may be shown through circumstantial evidence. The conspiracy may be inferred from the nature of the acts done, the relation of the parties, the interest of the alleged conspirators and other circumstances, such as presence, companionship and conduct before and after the commission of the alleged offense.

(Punctuation and footnotes omitted.) *Williamson v. State*, 300 Ga. App. 538, 547-548 (5) (685 SE2d 784) (2009).

> It has been held that the mere agreement of one person to buy contraband which another agrees to sell does not establish that the two acted in concert so as to support a finding of conspiracy. However, where the supplier "fronts" contraband to a recipient with the expectation that the latter will sell it and pay him from the proceeds, it has been held that he retains a sufficient interest in the subsequent sale to establish that he acted in concert with the recipient to distribute the contraband.

(Citations and punctuation omitted.) *Osborn v. State*, 161 Ga. App. 132, 133-134 (1) (291 SE2d 22) (1982).

---

[1] If the quantity of methamphetamine is 400 grams or more, the penalty is a mandatory minimum term of imprisonment of 25 years and a fine of $1 million. OCGA § 16-13-31 (e) (3). The penalties for conspiracy may not exceed the maximum punishment prescribed for the offense that was the object of the conspiracy. OCGA § 16-13-33.

Here, Cebada's testimony established that Melesa supplied him with several pounds of methamphetamine, and that in February 2005, Melesa fronted him at least one pound, which was approximately 450 grams, of methamphetamine with the expectation of being paid back. Cebada's testimony was amply corroborated by other evidence in the record. Notably, Melesa's translator testified that he retrieved $15,000 from Cebada as payment for the fronted methamphetamine, police officers recovered $15,000 in cash from the translator upon leaving Cebada's residence, and there were recorded conversations between Cebada, Melesa, and his translator in which they discussed methamphetamine transactions. See *Burton v. State*, 293 Ga. App. 822, 825 (1) (668 SE2d 306) (2008) (holding that an accomplice's testimony must be corroborated by other evidence, even slight evidence, that connects the accused to the crime, and that it is for the jury to determine whether the corroborating evidence is sufficient). Based on this evidence, the jury was authorized to conclude that Melesa and Cebada jointly participated in a conspiracy to traffic approximately 450 grams of methamphetamine. See *Peacock v. State*, 301 Ga. App. 873, 875 (2) (689 SE2d 853) (2010) (evidence that a large scale drug dealer fronted defendant methamphetamine with the expectation that defendant would sell the drugs and pay dealer from the proceeds was sufficient to establish a conspiracy to distribute methamphetamine); *Hernandez v. State*, 182 Ga. App. 797, 800 (1) (357 SE2d 131) (1987) (evidence showing that defendant did not give three kilograms of cocaine to a distributor, but expected to be paid back, was sufficient evidence to convict the defendant of conspiracy to traffic cocaine). Accordingly, the evidence was sufficient to sustain Melesa's conviction on the charge of conspiracy to traffic in methamphetamine over 400 grams. *Hernandez*, supra, 182 Ga. App. at 800 (1).

*Judgment affirmed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED FEBRUARY 23, 2012.

*David G. Daniell*, for appellant.

*T. Rabb Wilkerson III, District Attorney, Daryl E. Manns, Assistant District Attorney*, for appellee.